UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20307-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

QUINCY BRYANT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 683]. The Order of Reference requires a Report and Recommendation as to the reasonableness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Quincy Bryant ("Defendant"). Upon a thorough review of this matter, the undersigned respectfully recommends that the CJA Voucher be approved.

## PROCEDURAL BACKGROUND

In this case, fourteen defendants are charged in a Superseding Indictment [D.E. 193]. The charges in the Superseding Indictment consist of: a RICO conspiracy whose predicate acts include threats of murder, robbery, and drug trafficking; a drug trafficking conspiracy; possession of drugs with intent to distribute; possession/use of firearms in furtherance of drug trafficking crimes and crimes of violence; and Hobbs Act Robbery. Id.

The CJA voucher submitted by Defendant's Attorney Jack R. Blumenfeld ("Attorney Blumenfeld") requests compensation in the of amount of $67,914.59, which consists of

$61,642.00 in fees for 450.3 out-of-court hours, $5,008.00 in fees for 36 in-court hours, $296.59 for travel expenses, and $968.00 for other expenses.

The CJA Budget approved in the case authorizes for Defendant 1,867 hours at $132 per hour, for a total attorney fees amount of $246,444. Attorney Blumenfeld represented Defendant from the time of his appointment on May 10, 2017 [D.E. 29] until he was allowed to withdraw at the beginning of trial and Defendant's case was severed on July 17, 2018 [D.E. 581]. In support of his fee request, Attorney Blumenfeld states that the amount of discovery exceeded five terabytes of data, including a significant number of videos from pole cameras at the site of the offence. Discovery also included voluminous social media pages for all defendants and potential witnesses, with Defendant's pages alone accounting for over 1000 pages. Attorney Blumenfeld also explained that the time required to review discovery was increased due to production being released in tranches rather than all at once. Finally, Attorney Blumenfeld participated in numerous co-counsel meetings to prepare for trial, in addition to the time spent on Defendant's own case. These circumstances, in addition to the nature of the case, made it both extended and complex.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the

[Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 46.2 | 6,305.60 |
| Obtaining and Reviewing Records | 254.0 | 34,804.00 |
| Legal Research and Brief Writing | 16.9 | 2,334.00 |
| Travel Time | 17.7 | 2,430.80 |
| Investigative and Other work | 115.5 | 15,767.60 |
| **Total** | **450.3** | **61,642.00** |

The undersigned has reviewed the time sheets submitted by Attorney Blumenfeld and finds these hours to be reasonable taking into consideration his truncated appointment and well below the approved budget amount, thereby allowing for Defendant's subsequent representation.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Blumenfeld's CJA Voucher be approved in the amount of $67,914.59, which consists of $61,642.00 in fees for 450.3 out-of-court hours, $5,008.00 in fees for 36 in-court hours, $296.59 for travel expenses, and $968.00 for other expenses. The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended and complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable

3

Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 23rd day of August, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record